# United States Tax Court

159 T.C. No. 2

WHISTLEBLOWER 769-16W,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 769-16W.                           Filed August 4, 2022.

_____

Before the Court in this whistleblower case is a Joint Motion to Remand asking the Court to enter an order and decision vacating the prior determinations of the Whistleblower Office (WBO) and remanding P's claims to the WBO for further consideration without retaining jurisdiction.

*Held*: The Court has discretion to remand P's claims to the WBO for further consideration without retaining jurisdiction.

*Held, further*, exercising its discretion, the Court will grant the parties' Joint Motion.

_____

*Jason D. Wright*, *T. Barry Kingham*, and *Kaitlyn T. Devenyns*, for petitioner.

*Jadie T. Woods* and *Eric R. Skinner*, for respondent.

## OPINION

TORO, *Judge*:  This whistleblower case is before the Court on the parties' Joint Motion to Remand.  For the reasons set out below, we will grant the Motion.

### *Background*[1]

This case, which began in 2016, has previously required the Court to confront novel issues concerning the application of section 7623(b).[2]  For example, in a 2019 reviewed opinion, the Court considered whether we could appropriately remand a whistleblower case to the Whistleblower Office for further consideration at the Commissioner's request and over Petitioner's objection.  *Whistleblower 769-16W*, 152 T.C. at 172–73.  The Court concluded that we could and remanded the case to the Whistleblower Office while retaining jurisdiction.  *Id.* at 182.

The remand did not resolve the relevant issues to Petitioner's satisfaction, and the parties returned seeking additional review.  Following informal conferences with the Court and additional pretrial proceedings, however, the parties narrowed their dispute[3] and now jointly move for another remand, among other things, to permit the Whistleblower Office to "evaluate the contribution of the whistleblower's information (which comprises [a congressional committee report]), if any, to any ongoing IRS action against" certain targets.  Joint Mot. to Remand ¶ 29.  If that were all, we could grant their request by order, relying on our 2019 opinion.

But the Motion now before us adds a wrinkle: It asks us to remand without retaining jurisdiction.  As the parties put it, "[t]he pending IRS actions against the target taxpayers are not interdependent, and the

---

[1] For additional background, see *Whistleblower 769-16W v. Commissioner*, 152 T.C. 172, 172–75 (2019).

[2] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.  For an overview of section 7623, see *Rogers v. Commissioner*, 157 T.C. 20, 21, 26–31 (2021).

[3] For example, on May 23, 2022, the parties jointly moved to dismiss part of the case "on the grounds that petitioner is no longer seeking this Court's review of the Whistleblower Office's denial of their whistleblower claims with respect to certain taxpayers addressed in respondent's Whistleblower Office's determination dated December 9, 2015, and supplemental determination dated November 15, 2019," Joint Mot. to Dismiss 1, and the Commissioner moved to withdraw his Motion for Summary Judgment filed on July 10, 2020.  The Court will separately grant both Motions.

actions may become final at different times and involve different levels of contribution from the Petitioner's information, if it is considered." *Id.* ¶ 30. Therefore, "it may be appropriate for the Whistleblower Office upon remand to issue a separate determination relating to each [target] taxpayer." *Id.* In addition, "[t]he timeline for the resolution of any IRS actions against the [target] taxpayers cannot be known at present, nor is that timing under the control of the Whistleblower Office." *Id.* ¶ 33. And "[t]he Whistleblower Office must wait until the outcome of the IRS actions before the Whistleblower Office can evaluate the contribution, if any, of the Petitioner's information, and cannot make any determination until there is a final determination of tax." *Id.* The parties, therefore, "request that the Court enter an order and decision vacating the prior determinations of the Whistleblower Office and remanding the claims to the Whistleblower Office *without retaining jurisdiction.*" *Id.* ¶ 34 (emphasis added).

The novel question before us now is whether we may do so. As we explain below, we conclude that we may.

*Discussion*

In *Jacobson v. Commissioner*, 148 T.C. 68, 68 (2017), we considered whether a whistleblower could voluntarily have her case dismissed when the Commissioner did not object to the dismissal. Reasoning by analogy to other types of cases in which we have granted taxpayers' requests for voluntary dismissal, we concluded that we had discretion to permit whistleblowers to move the Court to dismiss their own cases as well. *Id.* at 69–71.

Although the parties here do not seek a dismissal, the relief they request presents similar considerations. The parties ask us to vacate the Whistleblower Office's previous determinations and remand the case to that office to permit it to evaluate Petitioner's claims in a manner consistent with the Joint Motion to Remand. But, rather than retaining jurisdiction as we did during our prior remand in this case, we would permit the Whistleblower Office to proceed without our further involvement. And any new determinations made by the Whistleblower Office would be reviewed in this Court in due course if Petitioner decides to appeal them. *See* I.R.C. § 7623(b)(4).

Nothing in section 7623(b) precludes us from proceeding as the parties request, and we see no other reason for declining their invitation in the circumstances here. In cases like this one, our Court acts like an

appellate court reviewing the record developed by the Whistleblower Office. *See, e.g.*, *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) ("As we have repeatedly recognized, . . . when a party seeks review of agency action under the [Administrative Procedure Act (APA)], the district judge sits as an appellate tribunal."); *Van Bemmelen v. Commissioner*, 155 T.C. 64, 78–79 (2020) (describing our Court's role in reviewing the administrative record in a whistleblower case); *Whistleblower 769-16W*, 152 T.C. at 177–78 (discussing *Kasper v. Commissioner*, 150 T.C. 8, 20 (2018), and the default rules for judicial review under the APA). When a court of appeals remands a case to a district court or an administrative agency, ordinarily it does not retain jurisdiction over the case. *See, e.g.*, *NLRB v. Deena Artware, Inc.*, 251 F.2d 183, 186 (6th Cir. 1958) ("Certainly, it is not customary for an appellate court to retain jurisdiction of a cause which it has decided in order to be assured that its judgment or decree will be subsequently carried out by the parties."); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3937.1 (Westlaw 2022), FPP (collecting and discussing authorities). Rather,

> [t]he norm is to vacate agency action that is held to be arbitrary and capricious and remand for further proceedings consistent with the judicial decision, without retaining oversight over the remand proceedings. *See, e.g., Burlington Resources, Inc. v. FERC*, 513 F.3d 242, 251 (D.C. Cir. 2008) (vacating and remanding agency action a second time for further adjudication without retaining jurisdiction); *North Carolina v. EPA*, 531 F.3d 896, 929–30 (D.C. Cir. 2008) (vacating agency rule as "fundamentally flawed" and remanding for further proceedings without retaining jurisdiction); *Wedgewood Village Pharm. v. DEA*, 509 F.3d 541, 553 (D.C. Cir. 2007) (vacating agency order and remanding for further adjudication proceedings without retaining jurisdiction); *Environmental Defense Fund v. EPA*, 898 F.2d 183, 190 (D.C. Cir. 1990) (vacating agency rule and remanding for further action without retaining jurisdiction, and declining petitioner's request to impose two-year deadline even though original statutory deadline for action at issue was two years).

*Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008).

We recognize, of course, that courts have "the discretion to retain jurisdiction over a case pending completion of a remand and to order the

filing of progress reports." *Id.* (citing *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001)). And they may well do so "to facilitate immediate review of further proceedings before the . . . agency being reviewed without the formalities of a new appeal." Wright & Miller, *supra.* Courts may also retain jurisdiction in "cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to fulfillment of legal duties." *Baystate Med. Ctr.*, 587 F. Supp. 2d at 41 (citing *Cobell*, 240 F.3d at 1109 (collecting authorities)).

The circumstances here, however, do not support retaining jurisdiction. When we previously remanded this case, we properly retained jurisdiction. *See Whistleblower 769-16W*, 152 T.C. at 182. Doing so permitted the Whistleblower Office to supplement what the Commissioner conceded was an incomplete record, investigate specific questions, and provide a supplemental determination promptly. *Id.* at 175, 182. Retaining jurisdiction facilitated our immediate review without requiring an unnecessary filing of a new appeal. *See* Wright & Miller, *supra.* Indeed, retaining jurisdiction would ordinarily be advisable in whistleblower cases that raise similar record issues that may be resolved through expeditious remand proceedings. But, given the current posture of this case, when the parties jointly seek vacatur and advise us that "[t]he timeline for the resolution of any IRS actions against the [target] taxpayers cannot be known at present, nor is that timing under the control of the Whistleblower Office," Joint Mot. to Remand ¶ 33, and when the concerns summarized in *Baystate Medical Center* are not present, retaining jurisdiction does not appear to aid an efficient resolution.

Finally, proceedings under section 7623 differ from those under section 6330, which governs hearings concerning proposed levies. Section 6330(b)(2) contemplates that "[a] person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax . . . relates." That statutory text counsels in favor of our retaining jurisdiction with respect to any remand for a supplemental hearing in cases under section 6330. Doing so permits us to review the entire hearing (as supplemented) once the remand is complete and avoids any disputes about compliance with the section 6330(b)(2) restriction as well as any potential prejudice to a taxpayer seeking our review. By contrast, nothing in section 7623(b) contemplates that a whistleblower is limited to one proceeding before the Whistleblower Office. Thus, our declining to retain jurisdiction during a remand here, at the request of the parties and after vacating

the Whistleblower Office's prior determinations, neither departs from the statute nor prejudices a whistleblower in Petitioner's circumstances.

In view of the foregoing, as in *Jacobson*, in the exercise of our discretion, we will grant the parties' Motion to vacate so much of the Whistleblower Office's determination, as supplemented, as will remain pending before the Court after the Court grants the parties' Joint Motion for partial dismissal, see note 3 above, and remand the case without retaining jurisdiction over the remand proceedings.

To reflect the foregoing,

*An appropriate order and decision will be entered.*